| UNITED STATES DISTRICT COURT | | SOUTHERN DISTRICT OF TEXAS |
|---|---|---|

United States District Court
Southern District of Texas
**ENTERED**
December 10, 2015
David J. Bradley, Clerk

Michael E. Williams, *et al.*, §
§
        Plaintiffs, §
§
*versus* §     Civil Action H-14-3135
§
John W. Focke, *et al.*, §
§
        Defendants. §

# Opinion on Dismissal

1. *Background.*

This case is one of many filed by Michael E. Williams and Sandra L. West against their neighbors, John and Catherine Focke, and the City of La Porte for claims arising from a land dispute. The cases involve a disputed border between the Fockes' property and Williams and West's property, and the Fockes' asserted adverse possession of several nearby lots. Generally the claims are framed around (a) the Fockes adversely possessing and obtaining deeds to several lots, (b) Williams and West's response to that possession, and (c) the role La Porte played in monitoring and defusing the neighbors' strained relations.

In this case, Williams and West say that the Fockes (a) are possessing property by way of an identity theft; (b) have recorded multiple fraudulent, forged real property records; and (c) should be held in contempt of court. They do not assert that the Fockes trespassed.

For La Porte, they also say that it (a) should have investigated the fraudulent deeds and records filed by the Fockes; (b) failed to protect their property causing them to move from Florida to Texas; (c) allowed its police department to stalk them and trespass on their property; and (d) did not protect them from the stalking and harassment from Michael Henley. Henley is a contractor who worked for the Fockes. They say that this shows that it violated their rights to equal protection and due process by violating the First, Fifth, and Fourteenth Amendments.

2.  *Statute of Limitations.*

Williams and West's claims accrued when they knew or had reason to know that they had an injury.[1] The time period for personal injury torts is determined by where the conduct occurred. Because they claim to have been injured in Texas, a two-year limitation applies.[2] Williams and West assert injuries caused from 2005 to the present. They filed this lawsuit on November 3, 2014. They are barred from recovering for all harms that occurred before November 3, 2012.

3.  *Failure to State a Claim*

To survive a motion to dismiss, a complaint must facially contain sufficient specific facts which if accepted as true would describe a plausible claim for relief.[3] Williams and West must show that more than a sheer possibility exists that a defendant acted unlawfully – unsubstantiated legal conclusions are not enough. Williams and West fail to state a claim against La Porte or the Fockes.

A.  *City of La Porte, Texas.*

Williams and West do not allege facts that plausibly show the that they were deprived of a right conferred to them by Constitution. The Civil Rights Act of 1968 is not a source of substantive rights but merely is a method of vindicating federal rights elsewhere conferred.[4]

1.  *First Amendment*

To plead a cognizable First Amendment claim, Williams or West must show that La Porte attempted to stop them from speaking publically because it did not want them to be

---

[1] Pitrowski v. City of Houston 51 F 3d. 254, 516 (5th Cir. 1995).

[2] Texas Civil Practice & Remedies Code, Section 16.003.

[3] Ashcroft v. Iqbal, 129 S. Ct. 1937,1949 (2009)(quoting Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1974 (2007).

[4] See Baker v. McCollan, 443 U.S. 137 (1979)

heard.[5] Neither has supplied any factually support to show that they were harmed by the city while engaged in a public speech. They have not established who said what to whom, when it was said, and why it was a matter for public concern. A blanket assertion of a rights violation does not sufficiently plead a claim for relief.

    2.    *Due Process.*

A due process claim under the Fourteenth Amendment requires Williams and West to identify a life, liberty, or property interest, and then show that the government deprived them of that interest without due process.[6] They have not identified any interest of which they were deprived; thus, the court cannot meaningfully dissect what process they may have been due. Although they do assert that they were deprived of "liberty" and feared being falsely arrested, they have not established any facts to support those claims. For example, they claim that (a) after a third party vandalized their home and La Porte did not investigate their claims, but admit that they did not file an incident report with the police; (b) La Porte intentionally interfered with their ability to rent the home, but admit that the La Porte merely executed a valid search warrant on a resident; and (c) the Fockes reported false deeds in the property records, but do not establish that they have a lawful interest in the properties or the relationship of La Porte to property records. Importantly, it is the county that monitors and controls property records – La Porte has nothing to do with it. Williams and West's admissions establish that they were not deprived of an interest – the admissions establish the competent work of the employees and officers of La Porte.

    3.    *Equal Protection and Title VII.*

Federal civil right statutes are meant to protect people from mistreatment because they are members of a minority; the statutes do not require pleasantries or good manners.

Neither Williams or West were employed by La Porte; Title VII does not apply to their claims against the city.

---

[5] Hampton Co. Nat'l Sur., llc, v Tunica County, Miss., 543 F 3d 221, 229 (5th Cir. 2008).

[6] Gentilello v. Rege 627 F 3d 540, 544 (5th Cir. 2010).

A claim under the Equal Protection Clause by Williams and West must show that each of them received treatment different from that received by a similarly situated individuals. Both Williams and West have not identified any person who is similarly situated and that was treated more favorably. Williams's pleaded disability and Native American background do not plausibly present a claim because he has not shown any discrimination or the discriminatory intent of any actor because of his heritage or physical ailments. A blanket assertion of a rights violation does not sufficiently plead a claim for relief.

4. *Racketeering.*

La Porte is a municipality, it is not covered under the Racketeer Influenced and Corrupt Organization Act because governments are incapable of forming the malicious intent necessary for a RICO action.[7] Even if it could form the proper intent, a single entity cannot be an enterprise under the law. Williams and West have not pleaded specific factual allegations that would show that their claims are more than empty conclusory assertions.

5. *Qualified Immunity.*

Even if a constitutional deprivation were shown, La Porte may only be found liable if Williams and West established (a) a policy maker; (b) an official policy; and (c) a violation of constitutional rights whose 'moving force' is the policy or custom.[8] Williams and West do not mention a policy maker, an official policy, or establish that there is a connection, let alone a causal connection, from the alleged constitutional violations and La Porte.

Williams and West's claims against La Porte will be dismissed with prejudice.

B. *Dismissal of the Fockes.*

Williams and West say that the Fockes committed fraud by recording illegal property deeds and lying in another court. When alleging fraud, the accusing party must particularly state its details. This heightened standard of particularity is meant to protect defendants from

---

[7] See Nationwide Public Insurance Adjusters, Inc. v. Edcouch-Elsa I.S.D., 913 F. Supp 305, 308 (s.d. Tex 2012).

[8] Monell v. Dept. of Social Services, 436 U.S. 658, 691 (1978).

baseless attacks and to prevent plaintiffs – like Williams and West – from filing disjointed, imaginative complaints to harass defendants or as a means to fish for other wrongs.[9] Fraud means an important, knowing misrepresentation on which somebody relied reasonably to their detriment. Williams and West do not explain why the property deeds are illegal nor do they specify the Fockes' lies. Basic unsubstantiated, assertions are not sufficient to meet the pleading standard.

Wishing that what the Fockes' had said was not true does not make it perjury. Disagreeing with what the Fockes' has said does not make it perjury.

Williams and West's claims against the Fockes will be dismissed with prejudice.

C. Conclusion.

It is clear by the breadth and similarity of lawsuits and complaints filed by Williams and West that they disapprove of their neighbors and the City of La Porte. This disapproval does not mean that their Constitutional rights have been violated, or that La Porte has done something wrong.

Because this complaint standing alone fails to state a claim in which they plausibly could be entitled to relief, their claims against the Fockes and La Porte will be dismissed with prejudice.

Signed on December 9, 2015, at Houston, Texas.

Lynn N. Hughes
United States District Judge

---

[9] Fed. R. Civ. Proc. Rule 9(b).